IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAIʻI

| | |
|---|---|
| CRYSTAL CARPENTER, *et al.*,<br><br>Plaintiffs,<br><br>vs.<br><br>PRESIDENT DONALD JAMES TRUMP, *et al.*,<br><br>Defendants. | CIVIL NO. 18-00322 DKW-KSC<br><br>**ORDER GRANTING APPLICATION TO PROCEED IN FORMA PAUPERIS AND DISMISSING COMPLAINT WITH LEAVE TO AMEND** |

## **INTRODUCTION**

On August 20, 2018, Plaintiff Crystal Carpenter, proceeding pro se, filed a Complaint against numerous government employees, private individuals and entities alleging violations of her civil rights. Dkt. No. 1. Carpenter also filed an Application to proceed *in forma pauperis* ("IFP Application").[1] Dkt. No. 3. The Court GRANTS the IFP Application. The Complaint, however, is difficult to decipher and fails to include factual allegations demonstrating either that Carpenter or her children's rights have been violated or that she is plausibly entitled to relief from any Defendant. Because Carpenter fails to state a cognizable claim for relief or to establish this Court's subject matter jurisdiction, the Complaint is DISMISSED

---
[1]Pursuant to Local Rule 7.2(d), the Court finds these matters suitable for disposition without a hearing.

with limited leave to amend pursuant to 28 U.S.C. § 1915(e), with instructions below.

## DISCUSSION

Because Carpenter is appearing pro se, the Court liberally construes her filings. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Eldridge v. Block*, 832 F.2d 1132, 1137 (9th Cir. 1987) ("The Supreme Court has instructed the federal courts to liberally construe the 'inartful pleading' of pro se litigants.") (citing *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam)). The Court recognizes that "[u]nless it is absolutely clear that no amendment can cure the defect . . . a pro se litigant is entitled to notice of the complaint's deficiencies and an opportunity to amend prior to dismissal of the action." *Lucas v. Dep't of Corr.*, 66 F.3d 245, 248 (9th Cir. 1995); *see also Crowley v. Bannister*, 734 F.3d 967, 977–78 (9th Cir. 2013).

### I. Plaintiff's IFP Application Is Granted

Federal courts can authorize the commencement of any suit without prepayment of fees or security by a person who submits an affidavit that demonstrates an inability to pay. *See* 28 U.S.C. § 1915(a)(1). "An affidavit in support of an IFP application is sufficient where it alleges that the affiant cannot pay the court costs and still afford the necessities of life." *Escobedo v. Applebees*, 787 F.3d 1226, 1234 (9th Cir. 2015) (citing *Adkins v. E.I. Du Pont de Nemours & Co.*,

335 U.S. 331, 339 (1948)); *see also United States v. McQuade*, 647 F.2d 938, 940 (9th Cir. 1981) (The affidavit must "state the facts as to affiant's poverty with some particularity, definiteness and certainty.") (internal quotation omitted).

When reviewing an application filed pursuant to § 1915(a), "[t]he only determination to be made by the court . . . is whether the statements in the affidavit satisfy the requirement of poverty." *Martinez v. Kristi Kleaners, Inc*., 364 F.3d 1305, 1307 (11th Cir. 2004). While Section 1915(a) does not require a litigant to demonstrate absolute destitution, *Adkins*, 335 U.S. at 339, the applicant must nonetheless show that she is "unable to pay such fees or give security therefor." 28 U.S.C. § 1915(a).

Here, the IFP Application indicates that although Carpenter is self-employed, she has "no clients as of yet," nor other funds available, such as in cash or in a checking or savings account. Her only source of income listed is $1,027.00 per month in Social Security disability benefits. Based upon the IFP Application, Carpenter's income falls below the poverty threshold identified by the Department of Health and Human Services ("HHS") 2018 Poverty Guidelines. *See* Annual Update of the HHS Poverty Guidelines, *available at* https://www.federalregister.gov/documents/2018/01/18/2018-00814/annual-update-of-the-hhs-poverty-guidelines. Accordingly, the Court finds that Carpenter has made the required showing under Section 1915 to proceed without prepayment of

fees and GRANTS her IFP Application.

## II.     The Complaint Is Dismissed

Upon review of the Complaint and attachments, the Court finds that Carpenter fails to state a claim upon which relief may be granted or to establish a basis for the Court's subject matter jurisdiction. As discussed below, even liberally construed, the Complaint fails to allege any discernable basis for judicial relief against any party.

### A.     Standard of Review

The Court subjects each civil action commenced pursuant to 28 U.S.C. § 1915(a) to mandatory screening and can order the dismissal of any claims it finds "frivolous, malicious, failing to state a claim upon which relief may be granted, or seeking monetary relief from a defendant immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

Dismissal is proper when there is either a "'lack of a cognizable legal theory or the absence of sufficient facts alleged.'" *UMG Recordings, Inc. v. Shelter Capital Partners, LLC*, 718 F.3d 1006, 1014 (9th Cir. 2013) (quoting *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990)). A plaintiff must allege "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *see also Weber v. Dep't of Veterans*

*Affairs*, 521 F.3d 1061, 1065 (9th Cir. 2008). This tenet—that the court must accept as true all of the allegations contained in the complaint—"is inapplicable to legal conclusions." *Iqbal*, 556 U.S. at 678. Accordingly, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* (citing *Twombly*, 550 U.S. at 555); *see also Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011) ("[A]llegations in a complaint or counterclaim may not simply recite the elements of a cause of action, but must contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively.").

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556). Factual allegations that only permit the Court to infer "the mere possibility of misconduct" do not show that the pleader is entitled to relief as required by Rule 8. *Id.* at 679. For the reasons that follow, Carpenter fails to meet this standard.

### B. The Complaint Fails to State a Claim for Relief

The Complaint consists of an "Impeachment/Demand Letter," which identifies over 70 defendants, and "pertains to all Countries and Continents along with those in the entire population of America." Compl. at 1. Although largely incoherent, the Complaint appears to demand payment of damages for certain

5

misconduct that is not evidently related to Plaintiff:

> Because of all Children's Rape, Torture, Imprisonment, and Murder these Entities are all accountable and responsible in order to cover up Michelle and Barack Obamas' along with others making HIV/AIDs and Hepatitis I, II, II, IV an epidemic in the entire Country along with all other Continents and Countries in which all Listed owe Monies to.
>
> As far as my children that are left are concern[ed] Christianity and Capitalism shall now take place. My Daughter's name is Jewel Patricia Ann Carpenter and myself Crystal E. Carpenter. We are not to be contacted ever!
>
> All those that have been affected by everything stated above should draft up a settlement and Medical Claim pertaining to how they were and are affected and forward that form and or claim to the United States Appellate and or Federal Court. If payment is not rendered within a weeks time then forward all your information to The United States Treasury Department and the Attorney's General Office for possible Wage Garnishments.

Compl. at 3–4. Attached to the Complaint is an earlier "Impeachment/Demand Letter," filed as a civil complaint in Civil No. 18-1-0758-05 GWBC, in the Circuit Court of the First Circuit, State of Hawaii, which repeats several of the "claims" raised in the instant federal action. Dkt. No. 1-1. And another attachment, a "Sanction Letter," states:

> I was Campaigning for this Country's United States Senator. Chaos, Turmoil, Pandemonium, and disarray throughout this country is now due to everything listed in my Impeachment/Demand Letter and all those listed in each Civil Litigation I have filed with the Hawaii Circuit Court and the United States Federal Court.

> This letter is to Sanction those who I have stated in previous Civil Litigations that have made HIV/AIDS, HEPATITIS I, II, III, AND IV along with other Communicable and Highly Contagious Diseases Rapidly growing out of Control.

Dkt. No. 1-3. Neither the Complaint nor the attachments provide any greater clarity regarding the factual or legal bases for any claim, injury, or relief requested.

The Complaint suffers from several deficiencies. First, it fails to comply with Rule 8, which mandates that a complaint include a "short and plain statement of the claim," Fed. R. Civ. P. 8(a)(2), and that "each allegation must be simple, concise, and direct." Fed. R. Civ. P. 8(d)(1). A complaint that is so confusing that its "'true substance, if any, is well disguised'" may be dismissed *sua sponte* for failure to satisfy Rule 8. *Hearns v. San Bernardino Police Dep't*, 530 F.3d 1124, 1131 (9th Cir. 2008) (quoting *Gillibeau v. City of Richmond*, 417 F.2d 426, 431 (9th Cir. 1969)); *see also McHenry v. Renne*, 84 F.3d 1172, 1178-80 (9th Cir. 1996) (affirming dismissal of complaint where "one cannot determine from the complaint who is being sued, for what relief, and on what theory, with enough detail to guide discovery"). That is the case here. Carpenter does not clearly identify in any coherent or organized manner the separate causes of action that she is asserting, nor does she provide specific factual allegations to support her legal conclusions. Even applying the most liberal pleading standard, the Court cannot discern from the Complaint the conduct on which any "claim" is based.

Second, insofar as she seeks damages for unspecified violations of federal constitutional rights, Carpenter fails to state a Section 1983 claim.[2] In order to state a claim under Section 1983, a plaintiff must allege: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under color of law. *West v. Atkins*, 487 U.S. 42, 48 (1988). She does not clearly allege either. Although pro se pleadings are liberally construed, a plaintiff must allege that he or she suffered a specific injury as a result of specific conduct of a defendant and show an affirmative link between the injury and the conduct of that defendant, which the Complaint fails to do. *See Rizzo v. Goode*, 423 U.S. 362, 371–72, 377 (1976). Accordingly, to the extent she alleges violations of her federal civil rights, Carpenter's Section 1983 claims are dismissed.

In sum, even assuming the truth of the allegations, dismissal of the Complaint is necessary due to the "lack of a cognizable legal theory [and] the absence of sufficient facts alleged.'" *UMG Recordings, Inc.*, 718 F.3d at 1014. Because

---

[2]Under 42 U.S.C. § 1983,

> Every person who, under color of any statute, ordinance, regulation, custom, or usage . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress. . . .

8

amendment of some claims *may* be possible, Carpenter is granted leave to attempt to cure the deficiencies noted in this Order, with instructions below.

### C. Subject Matter Jurisdiction Has Not Been Clearly Alleged

Claims may also be dismissed *sua sponte* where the Court does not have federal subject matter jurisdiction. *Franklin v. Murphy*, 745 F.2d 1221, 1227 n.6 (9th Cir. 1984); *see also* Fed. R. Civ. P. 12(h)(3); *Grupo Dataflux v. Atlas Global Grp., L.P.*, 541 U.S. 567, 593 (2004) ("[I]t is the obligation of both the district court and counsel to be alert to jurisdictional requirements."). "A party invoking the federal court's jurisdiction has the burden of proving the actual existence of subject matter jurisdiction." *See Thompson v. McCombe*, 99 F.3d 352, 353 (9th Cir. 1996). "Federal courts are courts of limited jurisdiction," possessing "only that power authorized by Constitution and statute." *United States v. Marks*, 530 F.3d 799, 810 (9th Cir. 2008) (quoting *Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377 (1994)). At the pleading stage, a plaintiff must allege sufficient facts to show a proper basis for the Court to assert subject matter jurisdiction over the action. *McNutt v. Gen. Motors Acceptance Corp.*, 298 U.S. 178, 189 (1936); *Johnson v. Columbia Props. Anchorage, L.P.*, 437 F.3d 894, 899 (9th Cir. 2006); Fed. R. Civ. P. 8(a)(1).

In general, a plaintiff may establish subject matter jurisdiction in one of two ways. First, she may assert federal question jurisdiction based on allegations that a

defendant violated the Constitution, a federal law, or treaty of the United States. *See* 28 U.S.C. § 1331 ("The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."). The United States Supreme Court has recognized that a "plaintiff properly invokes § 1331 jurisdiction" by pleading "a colorable claim 'arising' under the Constitution or laws of the United States." *Arbaugh v. Y & H Corp.*, 546 U.S. 500, 513 (2006). Second, a plaintiff may invoke the court's diversity jurisdiction, which applies "where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States." 28 U.S.C. § 1332(a)(1). In order to establish diversity jurisdiction, a plaintiff must establish complete diversity of the parties. *See Morris v. Princess Cruises, Inc.*, 236 F.3d 1061, 1067 (9th Cir. 2001) (explaining that Section 1332(a) "requires complete diversity of citizenship; each of the plaintiffs must be a citizen of a different state than each of the defendants").

Carpenter has not identified a jurisdictional basis for this case. *See* Fed. R. Civ. P. 8(a) ("A pleading that states a claim for relief must contain: (1) a short and plain statement of the grounds for the court's jurisdiction, unless the court already has jurisdiction and the claim needs no new jurisdictional support."). The Complaint fails to establish either diversity or federal question jurisdiction. First, Carpenter does not adequately allege the citizenship of any party for purposes of

Section 1332(a), nor does she make a sufficient demand for relief to meet the amount in controversy threshold. Next, her vague allegation of wrong-doing by public officials and/or private entities, without more, is not sufficient to create federal question jurisdiction. Any such cause of action is "so patently without merit as to justify the court's dismissal for want of jurisdiction." *Duke Power Co. v. Carolina Environmental Study Group, Inc*., 438 U.S. 59, 70 (1978).

Moreover, any grievances sounding in tort (*e.g*., fraud, intentional and/or negligent infliction of emotional distress, among others) are state law claims that may be appropriately brought in Hawaii state courts. These claims may not, however, be brought in federal court, absent a clearly-pled basis for federal jurisdiction. *See Thompson*, 99 F.3d at 353 ("A party invoking the federal court's jurisdiction has the burden of proving the actual existence of subject matter jurisdiction."). Accordingly, given the absence of a clearly-alleged basis for this Court's subject matter jurisdiction, the Complaint is dismissed with leave to amend, as detailed below.

### III. <u>Limited Leave To Amend Is Granted</u>

The dismissal of the Complaint is without prejudice, and Carpenter is granted limited leave to amend to attempt to cure the deficiencies identified above. If Carpenter chooses to file an amended complaint, she must write short, plain statements telling the Court: (1) the specific basis of this Court's jurisdiction and

venue; (2) the constitutional or statutory right Plaintiff believes was violated; (3) the name of the defendant who violated that right; (4) exactly what that defendant did or failed to do; (5) how the action or inaction of that defendant is connected to the violation of Plaintiff's rights; and (6) what specific injury Plaintiff suffered because of that defendant's conduct. Plaintiff must repeat this process for each person or entity that she names as a defendant. If Carpenter fails to affirmatively link the conduct of each named defendant with the specific injury she suffered, the allegation against that defendant will be dismissed for failure to state a claim.

An amended complaint generally supersedes a prior complaint, and must be complete in itself without reference to the prior superseded pleading. *King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987), *overruled in part by Lacey v. Maricopa Cty.*, 693 F.3d 896 (9th Cir. 2012) (en banc). Claims dismissed without prejudice that are not re-alleged in an amended complaint may be deemed voluntarily dismissed. *See Lacey*, 693 F.3d at 928 (stating that claims dismissed with prejudice need not be realleged in an amended complaint to preserve them for appeal, but claims that are voluntarily dismissed are considered waived if they are not re-pled).

The amended complaint must designate that it is the "First Amended Complaint" and may not incorporate any part of the prior complaint. Rather, any specific allegations must be retyped or rewritten in their entirety. Carpenter may include only one claim per count. Failure to file an amended complaint by

12

**September 24, 2018** will result in the automatic dismissal of this action without prejudice.

## CONCLUSION

Based upon the foregoing, Carpenter's IFP Application is GRANTED (Dkt. No. 3), and the Complaint is DISMISSED with limited leave to amend (Dkt. No. 1).

Carpenter is granted limited leave to file an amended complaint in accordance with the terms of this Order by **September 24, 2018**. The Court CAUTIONS Carpenter that failure to file an amended complaint by **September 24, 2018** will result in the automatic dismissal of this action without prejudice.

IT IS SO ORDERED.

Dated: August 27, 2018 at Honolulu, Hawaiʻi.



Derrick K. Watson
United States District Judge

---

*Carpenter v. Trump, et al.*; Civil No. 18-00322 DKW-KSC; **ORDER GRANTING APPLICATION TO PROCEED IN FORMA PAUPERIS AND DISMISSING COMPLAINT WITH LEAVE TO AMEND**