IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF HAWAIʻI

| | |
|---|---|
| CRYSTAL CARPENTER, *et al.*, | CIVIL NO. 18-00322 DKW-KSC |
| Plaintiffs, | **ORDER DISMISSING CASE** |
| vs. | |
| PRESIDENT DONALD JAMES TRUMP, *et al.*, | |
| Defendants. | |

## **INTRODUCTION**

On August 20, 2018, Plaintiff Crystal Carpenter, proceeding pro se, filed a Complaint against numerous government employees, private individuals and entities alleging violations of her civil rights. In an August 27, 2018 Order, the Court granted Carpenter's *in forma pauperis* application and dismissed the Complaint with limited leave to amend. Dkt. No. 6 (8/27/18 Order). The 8/27/18 Order granted Carpenter until September 24, 2018 to file an amended complaint. As of the date of this order, however, Carpenter has yet to file an amended complaint or respond to the Court's 8/27/18 Order in any other fashion. As a result, this action is dismissed without prejudice.

Courts have the authority to dismiss actions for failure to prosecute or for failure to comply with court orders. *See Link v. Wabash R.R. Co.*, 370 U.S. 626, 629–31 (1962) ("The power to invoke this sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the District Courts."). More specifically, the Court has discretion to dismiss a plaintiff's action for failure to comply with an order requiring her to file an amended pleading within a specified time period. *Pagtalunan v. Galaza*, 291 F.3d 639, 640 (9th Cir. 2002). Before dismissing an action for failure to prosecute, the Court must weigh: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to defendants/respondents; (4) the availability of less drastic alternatives; and (5) the public policy favoring disposition of cases on their merits." *Id.* at 642 (citing *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992)). Upon careful consideration of these factors, the Court concludes that dismissal without prejudice is warranted under the circumstances.

The Court's 8/27/18 Order was clear:

> The dismissal of the Complaint is without prejudice, and Carpenter is granted limited leave to amend to attempt to cure the deficiencies identified above.

\*\*\*

> Failure to file an amended complaint by **September 24, 2018** will result in the automatic dismissal of this action without prejudice.
>
> \*\*\*
>
> Based upon the foregoing, Carpenter's IFP Application is GRANTED (Dkt. No. 3), and the Complaint is DISMISSED with limited leave to amend (Dkt. No. 1).
>
> Carpenter is granted limited leave to file an amended complaint in accordance with the terms of this Order by **September 24, 2018**. The Court CAUTIONS Carpenter that failure to file an amended complaint by **September 24, 2018** will result in the automatic dismissal of this action without prejudice.

8/27/18 Order at 11–13. Carpenter's failure to comply with the 8/27/18 Order hinders the Court's ability to move this case forward and indicates that she does not intend to litigate this action diligently. *See Yourish v. California Amplifier*, 191 F.3d 983, 990 (9th Cir. 1999) ("The public's interest in expeditious resolution of litigation always favors dismissal."). This factor favors dismissal.

The risk of prejudice to a defendant is related to a plaintiff's reason for failure to prosecute an action. *See Pagtalunan*, 291 F.3d at 642 (citing *Yourish*, 191 F.3d at 991). Carpenter offers no excuse or explanation for her failure to file a First Amended Complaint. When a party offers a poor excuse (or, in this case, no excuse) for failing to comply with a court's order, the prejudice to the opposing party is sufficient to favor dismissal. *See Yourish*, 191 F.3d at 991–92. This factor favors dismissal.

Public policy favoring the disposition of cases on their merits ordinarily weighs against dismissal. However, it is the responsibility of the moving party to prosecute the action at a reasonable pace and to refrain from dilatory and evasive tactics. *See Morris v. Morgan Stanley & Co.*, 942 F.2d 648, 652 (9th Cir. 1991). Carpenter failed to discharge her responsibility to prosecute this action despite the Court's express warnings about dismissal in its prior order. *See* 8/27/18 Order at 11–13. Under these circumstances, the public policy favoring the resolution of disputes on the merits does not outweigh Carpenter's failure to file an amended complaint, as directed by the Court in its 8/27/18 Order.

The Court attempted to avoid outright dismissal of this action by granting Carpenter the opportunity to amend her allegations and providing specific guidance on how to do so. *See Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986) ("The district court need not exhaust every sanction short of dismissal before finally dismissing a case, but must explore possible and meaningful alternatives."). Alternatives to dismissal are not adequate here, given Carpenter's voluntary failure to comply with the Court's Order. Under the present circumstances, less drastic alternatives are not appropriate. The Court acknowledges that the public policy favoring disposition of cases on their merits weighs against dismissal. On balance, however, because four factors favor dismissal, this factor is outweighed.

On the basis of the foregoing, the Court DISMISSES this action without prejudice and directs the Clerk of Court to close this case.

IT IS SO ORDERED.

Dated: September 28, 2018 at Honolulu, Hawai'i.



Derrick K. Watson
United States District Judge

*Carpenter v. Trump, et al.*; Civil No. 18-00322 DKW-KSC; **ORDER DISMISSING CASE**